**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No.    22-CR-164 (RBW) |
| v. | |
| KENNETH WATTS, | |
| Defendant. | |

<u>**DEFENDANT'S SENTENCING MEMORANDUM**</u>

The Defendant Kenneth Watts, by his attorney Kira Anne West, pursuant to Federal Rule of Criminal Procedure 32 and 18 U.S.C. Section 3553(a), submits this memorandum to aid the Court at sentencing and hereby notifies the Court that he has received and reviewed the Presentence Report ("PSR") prepared in this case. He objects to paragraphs 84 and 92 in that no role adjustment was given to Mr. Watts.

Mr. Watts respectfully requests that this Honorable Court impose a sentence of  time served  taking into consideration his quick agreement to plead guilty (he was in the "first wave" to plead guilty), the fact that he has very little criminal history,  the fact that his crime was due to his being a drug addict, and his model behavior since  being incarcerated in the D.C. jail.  His early plea saved the government from litigating pretrial issues. Finally,  this Court should consider the

1

awful conditions Mr. Watts has spent waiting to be sentenced in the DC jail, a jail that Judge Collar-Kotelly and others (Judges Royce Lamberth and  Rosemary Collyer) have found sub-standard in prior opinions.

Mr. Watts does not dispute his actions here.  He a young man that comes before the Court  having committed the instant offense because he is a drug addict. Importantly, there was no  violence used in the commission of this offense.

Pursuant to the United States Sentencing Guidelines (hereinafter "USSG"), the defendant maintains the following Guideline sections apply:

| | | |
|---|---|---|
| USSG 2D1.1: | Base offense level | 24 |
| USSG 3E1.1(a) & (b): | Acceptance of Resp. | -3 |
| USSG 3B1.2 | Role in the offense | -4 |
| ADJUSTED OFFENSE LEVEL | | 17 |

Based upon these figures, and a criminal history category of I,  Mr. Watt's final adjusted guideline range should be 24-30 months.  A sentence of time served, which is the requested variance, is a sentence that must be  "sufficient, but not greater than necessary to address the sentencing factors and goals set forth in Title 18 U.S.C. § 3553(a). Under the facts of this case, such a sentence, will protect the public, provide just punishment, and afford adequate deterrence.

## 1. BACKGROUND

Mr. Watts's childhood was marred by the fact that his father left the family when he was a small boy. His mother raised him and his sister by working outside the home. All he has known his entire life is poverty and life on the streets. He did not set out to commit crimes. He fell into it only after not being able to secure work during the Covid 19 pandemic like so many others. He  had to earn money  to live and support his little sister, and ultimately his own drug habit.

This has been a long road for Mr. Watts. The impact on his family has been a source of  great stress, sadness and regret for him.   Fortunately,  since his arrest and incarceration, he has engaged in meaningful reflection about his life. Some of this reflection was brought on by the shooting death of his cousin.  He wants to finish his education and continue drug treatment. He is currently in a drug treatment program at DC Jail and wants to continue outpatient treatment when he is released. He has plans for the future that are law abiding and positive.

A  sentence of time served will serve the statutory purposes of punishment, deterrence or further protect the public.  Mr. Watts pled guilty at a very early stage in the proceedings thus saving valuable judicial resources. He did not file motions that would have taken up the Court's time.   He's withstood  two months of incarceration in the horrible D.C. Jail. Based on many reasons, he respectfully requests that the Court exercise discretion and grace and sentence him to a sentence of time served.

## II.  LEGAL STANDARD

The selection of an appropriate sentence from within the guidelines range, as well as the decision to depart from the range in certain circumstances, are decisions left solely to the sentencing court. *Williams v. United States*, 503 U.S. 193, 195 (1992).   The sentencing guidelines are merely advisory. *United States v. Booker*, 543 U.S. 220 (2005).   The Supreme Court has made clear that the Sentencing Guidelines have become only one of the many factors that a sentencing court should consider.   *See Gall v. United States*, 552 U.S. 38, 49 (2007) ("The Guidelines are not the only consideration … the district judge should consider all of the §3553(a) factors to determine whether they support the sentence requested by a party"). In reviewing the factors, the court may not presume the Guidelines range is reasonable. *Id*.

In reviewing the sentence, the appellate court must first ensure that the district court made no significant procedural errors and then consider the sentence's substantive reasonableness under an abuse-of-discretion standard, taking into account the totality of the circumstances, including the extent of a variance from the Guidelines range, but must give due deference to the district court's decision that the §3553(a) factors justify the variance. *United States v, Gall*, 128 S. Ct. 586 (2007). (*citing United States v. Booker*, 543 U.S. 220, 260 (2005)).

Section 3553(a) of Title 18 of the United States Code enumerates certain

factors a district court must consider when sentencing a defendant who has been

convicted of a federal offense:

1.    The nature and circumstances of the offense and the history and characteristics of the defendant;
2.    The need for the sentence imposed to:
    a) Reflect the seriousness of the offense;
    b) Promote respect for the law and provide just punishment for the offense;
    c) Afford adequate deterrence to criminal conduct;
    d) Protect the public from further crimes of the defendant; and
    e) Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3.    The kinds of sentences available;
4.    The kinds of sentence and the sentencing range for the applicable category of offense…;
5.    Any pertinent policy statements issued by the Sentencing Commission;
6.    The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
7.    The need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1-7). Some of these considerations apply here and are discussed as

they relate to Mr. Watts.

At sentencing, a district court must impose a sentence that is "sufficient, but

not greater than necessary" in light of the factors identified in §3553(a).   *United*

*States v. Mendoza-Mendoza*,  597 F.3d 212, 216 (4th Cir. 2010), *citing Kimbrough*

*v. United States*, 552 U.S. 85, 111 (2007)(quoting §3553(a)).   A "district court

making the initial sentencing decision may not presume that the appropriate

sentence in a given case will come from the Guidelines*." Mendoza-Mendoza*, 597

F.3d at 216, *citing Rita v. United States*, 551 U.S. 338, 351 (2007).  The Court can no longer presume that a guideline sentence is the correct sentence; to do so would be taking a large step towards returning to the pre-Booker regime. *United States  v. Pickett*, 475 F.3d 1347 (D.C. Cir. 2007). Under the new advisory guideline scheme, "district courts have a freer hand in determining sentences." *United States v. Trujillo-Tauruses*, 405 F.3d 814, 819 (10th Cir. 2005). They may sentence in or out of the applicable guideline range.  District judges now have more substantive discretion in sentencing, and retain the power to re-balance the individual sentencing against the goals of sentencing uniformity and predictability. And a district court need not justify a sentence outside the Guidelines range with a finding of "extraordinary" circumstances."  *Gall v. United States*, 552 U.S. 38, 47 (2007) (upholding a sentence of thirty-six months probation, a 100 percent downward deviation from the Guidelines range of thirty-thirty-seven months imprisonment).

## III.  FACTORS CONSIDERED UNDER 18 U.S.C. §3553(a)

### A.  Nature & circumstances of the Offense & the History and Characteristics of Mr. Watts

Prior to this offense, Mr. Watts had little contact with the criminal justice system.  *See* PSR ¶¶ 111-116. To his family, Mr. Watts has always been a loving son and brother.  Mr. Watts recognizes the seriousness of the offense for which he has admitted responsibility, and is remorseful about his actions and the

consequences of his actions to those around him and to society at large.  It is his

remorse and his recognition of having made a mistake, as well as his other qualities

as a person that makes Mr. Watts  family remain supportive of him in these

difficult times.  Fortunately, he has not only family support but  the goals of an

getting an education and continued drug treatment.

   Thankfully, the offense here did not involve anyone being harmed. It is a

serious criminal offense. Mr. Watts has expressed remorse. Any incarceration in

addition to the requested time served sentence  will not serve a  rehabilitative

purpose for him, but most likely harm him further.

## B. Need for the Sentence imposed

### 1. General deterrence – 18 U.S.C. § 3553(a)(2)(B) – to adequately deter others from criminal conduct

   Incarcerating Mr. Watts for more time than the requested sentence will not

serve the need to deter others from committing crimes any better than a sentence of

time served.  The National Institute of Justice, Department of Justice, issued a

summary of the current state of empirical research stating that "prison sentences

are unlikely to deter future crime," and "increasing the severity of punishment does

little to deter crime."  U.S. Dep't of Justice, Office of Justice Programs, Nat'l Inst.

of Justice, *Five Things to Know About Deterrence* (July 2014) (relying on Daniel

S. Nagin, *Deterrence in the Twenty-First Century*, 42 Crime & Justice in America

199 (2013)), available at https://ncjrs.gov/pdffiles1/njj/247350.pdf.

2.  **Specific deterrence – 18 U.S.C. § 3553(a)(2)(C) – to protect the public from further crimes of the defendant**

Incarcerating Mr. Watts who is 26 years old to  any further is not necessary to serve the need to deter him from committing further crimes.  He has learned his lesson and as his letter indicates,[1] wants to be a good brother and son and support his family.  Moreover, an offender with only one criminal history point has a rate of reconviction of only 5.5%.  U.S. Sent'g Comm'n, *Recidivism and the First Offender* 14 n.26 (May 2004).   His exemplary behavior while being at the D.C. jail, under known awful conditions, should assure this Court that he does not intend to ever commit another crime again. His only problem before this Court has been his drug use. A sentence of time served that includes years of supervised release and community service is punishment. A sentence of time served and supervised release with other restrictions is further punishment and it will deter others as one's liberty interests are curtailed by travel restrictions, reporting obligations, and limitations on one's personal freedoms. Defendants must periodically report to the probation officer, permit the officer to visit their homes and jobs at any time, and follow the officer's advice. *Jones v. Cunningham*, 371 US 236, 242 (1963). Defendants are admonished to keep good company and good hours, work regularly, keep away from undesirable places, and live clean, honest, and

---

[1] Undersigned counsel expects to receive this before sentencing, as well as a letter from his mother.

temperate lives. *Ibid.* Not only must they faithfully obey these restrictions and conditions, but they also live in constant fear that a single deviation, however slight, might result in being sent to prison. *Ibid.*

Defendants might be rearrested any time the probation officer only believes they have violated a term or condition of probation. *Ibid.* They might have to serve all of the time that was suspended with few, if any, of the procedural safeguards that normally must be provided to those charged with crime. *Ibid.*

3. **The kinds of sentences available & factors affecting the appropriate sentence**

Imposition of a fine is discretionary, and, defendant respectfully submits, should not be ordered in this case. Defendant's financial condition is such that he cannot pay a fine. *See* PSR ¶ 141; U.S.S.G. **§ 5E1.2(a)** (fine not recommended if defendant unable to pay). 18 U.S.C. § 3553(c) " requires that the court provide a 'reasoned basis' for its decision and consider all 'nonfrivolous reasons' asserted for an alternative sentence." *United States v. Locke*, 664 F.3d 353, 357 (D.C. Cir. 2011) (citation omitted). Mr. Watts respectfully requests that the Court order a term of supervised release of three years as is required under that statute.

Consideration of pre-sentence confinement is appropriate under 18 U.S.C. Section 3553(a). Given his detention at such a transitional facility, mitigation under this statute is warranted, and merits the Court's consideration in sentencing when

considering the requested variance. *See United States v. Carty*, 264 F.3d 191, 196

(2d Cir. 2001).[2] The court ruled "pre-sentence confinement conditions may in

appropriate cases be a permissible basis for downward departures...." (Sentence

was vacated and remanded for reconsideration in light of conditions of pre-

sentence detention in Dominican Republic)[2]; *United States v.Mateo*, 299 F.Supp.2d

201, 212 (S.D.N.Y.2004) (A downward departure was granted where pre-sentence

conditions "effectively enhanced, to a disproportionate degree, the level of

punishment contemplated to be experienced by inmates in the typical case during

the period of incarceration prescribed by the Guidelines."); *United States v.

Fajardo*, Slip Op. 3498640, pp.3-4 (S.D.N.Y., Dec. 5, 2006) (The

court ruled that a downward departure was not available given a mandatory).

### 4. <u>The need to avoid unwarranted sentencing disparities</u>

Under USSG Section USSG 3B1.2, a defendant's offense level can be

reduced as follows:

---

[2] The decision in *Carty* states in relevant part:
According to the Sentencing Guideline Manual, a sentencing court may depart if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." U.S.S.G.   5K2.0 (quoting 18 U.S.C.   3553(b)). No evidence exists to show that the Sentencing Commission took the conditions of a pre-sentence detainee's confinement into account in creating the Guidelines. Indeed, there is no indication that the Commission contemplated that federal pre-sentence detainees would be kept in any detention facilities other than federal facilities.

Based on the defendant's role in the offense, decrease the offense level as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by **4** levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by **2** levels.

In cases falling between (a) and (b), decrease by **3** levels.

Here, Mr. Watts is a minimal participant based on the evidence. Note 4 of this guideline provides guidance on whether this adjustment applies. The application note states "It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." Here, Mr. Watts did not direct anyone, did not communicate with others in the conspiracy regarding to whom they sold drugs, his source of supply was not from any of the defendants indicted in this case and he was unaware of the structure of the enterprise. He didn't exercise decision making authority or influence it.  Importantly, many of the other defendants had larger roles in the drug conspiracy than Mr. Watts, such as selling much larger quantities of drugs and carrying firearms. *See* PSR ¶¶ 2-5, 15-18, & 29-32.  Mr. Watts, unlike others in the conspiracy, never used the stash houses that the other co-conspirators used. *See* PSR ¶¶ 51 & 52. Mr. Watts operated by himself and took no direction from anyone. In fact, he knew very few of the defendants that he was charged with.

Also, Mr. Watts only sold very small quantities of drugs as evidenced by the amounts sold to confidential informants-quantities that cost $20-$40. *See* PSR ¶ ¶ 56-57. When a search was conducted at his home, law enforcement recovered 8.6 grams of crack. Again, a very small amount. *See* PSR ¶61. Here, 28 grams is attributed to Mr. Watts, much less than the majority of defendants in this case. *See* PSR ¶62. Here, Mr. Watts should be given some consideration of the fact that of the many defendants, he is among the least culpable. The government would surely agree with this. For example, defendant Brandon Benson received a sentence of five years probation from this Court, yet his plea agreement had a guidelines range of 41-51 months. *See* ECF 328 @ p. 37 and ECF 244@ p.2.

Finally, Mr. Watts objects, as a matter of policy, to the disparity between the crack versus powder cocaine guidelines. Were Mr. Watts to be sentenced using 28 grams of powder cocaine, his resulting guidelines range would be 6-12 months (base offense level 12, minus 2 points for acceptance of responsibility, for an adjusted offense level of 10 at a criminal history category I). To the Attorney General's credit, recognizing this unwarranted disparity, and "to promote the equivalent treatment of crack and powder cocaine offenses," the Attorney General recently issued a memorandum directing that prosecutors in crack cocaine cases "advocate for a sentence consistent with the guidelines for powder cocaine rather than crack cocaine. Where a court concludes that the crack cocaine guidelines

apply, prosecutors should generally support a variance to the guidelines range that would apply to the comparable quantity of powder cocaine." *See* AG memorandum 12/16/22, "*Additional Department Policies Regarding Charging, Please and Sentencing in Drug Cases*." Following this guidance means that the government in this case should support a variance to the 6-12 months guidelines range. Failing to do so perpetuates the very disparity that the highest DOJ official has criticized as ill-founded and promotes racial inequality. If a variance to the powder cocaine guidelines is the fairest way to calculate the guidelines moving forward, it is the fairest way to calculate them now.

In the event the Court believes further incarceration is necessary, Mr. Watts would ask to be housed close to D.C., be enrolled in the R-DAP program, *See* PSR ¶ 151, have credit for time served, and also mental health treatment.

## IV. CONCLUSION

Given his age,  sparse criminal record,  his  stay in the D.C. jail and his blemish free record while at the jail and early plea, plus all other applicable factors the Court will consider, Mr. Watts respectfully moves this court to impose a sentence this Court believes is "sufficient but not greater than necessary" as required by 18 U.S.C. §3553(a).   There is little possibility of him repeating his offense or posing a threat to public safety in any way.   It would be a sentence in the best tradition of federal judicial discretion, that would consider Mr. Watts as an

individual and account for his unique failings and positive attributes that, in the words of Justice Kennedy "sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Rita v. United States*, 551 U.S. at 364, (Stevens, J. concurring), *citing Koon v. United States*, 116 S.Ct. 2053 (1996).

Respectfully submitted,

/s/ Kira  Anne West
Attorney at Law
712 H Street N.E., Unit 509
Washington, D.C. 20002
kiraannewest@gmail.com
Attorney for Mr. Watts

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this sentence memo has been filed pursuant to the Rules of Court on the ECF system this 3rd day of April, 2023.

/s/ Kira Anne  West

14